UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA      )
                              )
        v.                    )   NO.  3:12-mj-1033
                              )
BRIAN SCOTT BOTTOMS           )

## MEMORANDUM AND ORDER

Defendant Bottoms has filed his motion for immediate dismissal of complaint for violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, or, alternatively, additional relief (Docket Entry No. 76). Defendant seeks dismissal of the complaint with prejudice. The Government has filed its own motion to dismiss without prejudice and its response to defendant's motion to dismiss (Docket Entry No. 80). Thus, both the Government and the defendant agree that the complaint must be dismissed, but they dispute whether such dismissal should be with or without prejudice.

For the reasons stated below, the undersigned Magistrate Judge finds that the complaint against defendant Bottoms must be dismissed and that such dismissal should be without prejudice.

## Summary of Procedural History

The pertinent facts in this case are not in dispute. Defendant Bottoms was arrested on July 23, 2012, after having been charged in a complaint with the offense of influencing, impeding, or retaliating against a Federal official by threat, in violation of 18 U.S.C. § 115(a)(1)(B). This charge arose out of an incident

that occurred on June 1, 2012, at the Social Security Administration Office in Murfreesboro, Tennessee.

Defendant Bottoms had his initial appearance before the undersigned on July 23, 2012, at which time the Court appointed counsel to represent him. On July 24, the Government filed its motion to determine competency and for psychological examination pursuant to 18 U.S.C. § 4241(a) and (b). Defendant Bottoms, through his appointed counsel, filed his motion to set a hearing on the Government's motion to determine competency and urged that the Court order an evaluation by a local psychiatrist rather than referring defendant Bottoms for evaluation at an out-of-state Bureau of Prisons facility. Following a hearing on August 9, 2012, the undersigned ordered that defendant Bottoms be referred for mental evaluation by a local Nashville psychiatrist.

Shortly thereafter, an apparent material disagreement arose between defendant Bottoms and his appointed counsel, Mr. Thoresen, as Mr. Bottoms on August 30, 2012, filed his pro se motion to have Mr. Thoresen relieved as counsel. Mr. Thoresen on September 4, 2012, filed his own motion to withdraw as counsel for Mr. Bottoms. On September 5, 2012, the undersigned set a competency hearing for defendant Bottoms for September 20, 2012, and granted Mr. Thoresen's motion to withdraw as attorney for defendant Bottoms. The Court further ordered the Public Defender to secure new counsel for Mr. Bottoms and to have such new counsel prepared

to proceed with the competency hearing on September 20, 2012. The Court further set a preliminary hearing and a hearing on the Government's motion for detention for September 20, 2012.

On September 20, 2012, the undersigned, following a hearing and review of a report received from a local psychiatrist, found defendant Bottoms competent to stand trial. The Court further granted an oral motion made jointly by the Government and defendant to reschedule the preliminary hearing and detention hearing for Mr. Bottoms to September 24, 2012.

On September 24, 2012, defendant Bottoms, through his new appointed counsel, Mr. Cooper, waived his right to a preliminary hearing. Following a hearing, the Court ordered Mr. Bottoms released on his own recognizance with conditions.

On December 13, 2012, defendant's second appointed counsel, Mr. Cooper, filed his motion to withdraw as counsel for Mr. Bottoms, citing certain irreconcilable differences that had arisen between attorney and client. Mr. Bottoms shortly thereafter filed his own motions to have Mr. Cooper relieved as his lawyer and seeking leave to represent himself pro se. At a hearing on January 16, 2013, the Court granted Mr. Cooper's motion for leave to withdraw as defendant's counsel but denied Mr. Bottoms's motions to be allowed to represent himself. Instead, the Court ordered the Federal Public Defender to secure new appointed counsel to represent Mr. Bottoms.

On January 17, 2013, defendant Bottoms's current counsel,

Mr. Bloom, entered his appearance.

On February 3, 2013, defendant Bottoms, through counsel, filed his first motion to dismiss for violation of the Speedy Trial Act. The Government filed two motions for extensions of time within which to file its response to this motion and those requested extensions were granted by the Court.

On March 7, 2013, defendant Bottoms, through his appointed counsel, filed the current motion to dismiss or for alternative relief.

As grounds for his motion, defendant Bottoms argues that although he was arrested on charges in the complaint on July 23, 2012, he has not been charged in an indictment or information to this date. Defendant asserts that this delay violates the 30-day limit in the Speedy Trial Act, and that, as a sanction, the charges against defendant Bottoms should be dismissed with prejudice (Docket Entry No. 76).

The Government in its response concedes that 98 days of non-excluded time passed from defendant's arrest to the filing of his motion to dismiss, and the Government agrees that the complaint must be dismissed (Docket Entry No. 80 at 3). However, the Government argues that, upon consideration of factors listed in 18 U.S.C. § 3162(a)(1), the Court should order dismissal without prejudice.

## **Analysis**

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides

that an individual must be charged in an information or indictment within 30 days from the date on which such individual was arrested. 18 U.S.C. § 3161(b). The Act further provides that if no indictment or information is filed within this time limit, the charge against the individual contained in the complaint shall be dismissed or otherwise dropped. 18 U.S.C. § 3162. Section 3162 further contains certain factors that the Court should consider in determining whether dismissal should be with or without prejudice.

> Section 3162(a)(1) states in pertinent part as follows:
>
> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which lead to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

See also United States v. Gross, 432 Fed. Appx. 490, 493, 2011 WL 2989375 (6th Cir. July 25, 2011).

First, the undersigned Magistrate Judge finds that the offense charged in the complaint was a serious offense. According to the complaint, Mr. Bottoms on June 1, 2012, went to the Social Security Administration Office in Murfreesboro, Tennessee, and requested an emergency check in the amount of his monthly Social Security benefits. When the Clerk informed him that an emergency check could not be issued because his monthly benefit funds had already been deposited directly to his payee card, Mr. Bottoms became very agitated and stated, "What if I go on a shooting

5

spree." He continued, "I am crazy. If I go on a shooting spree do you know what they will do to me. They will send me to the federal. It is a nice place – tennis court, three meals and cot and better than living in my van." When asked by the Social Security employee whether he was joking, Mr. Bottoms did not respond. The affidavit further states that Mr. Bottoms called back and spoke with the Social Security employee later in the day and threatened to "cut off her head" if she did not provide the money for Mr. Bottoms's monthly Social Security benefits to him. Although Mr. Bottoms apparently stated later that he was upset and that he did not mean these statements to be a threat, the undersigned finds that a reasonable person could understand Mr. Bottoms's alleged statements to be threats of violence to the Social Security Office employees or others if the employees refused to comply with Mr. Bottoms's demands for his benefit funds. Given the foregoing facts as alleged in the complaint, the undersigned finds that the complaint charges a serious offense against Mr. Bottoms.

Second, the undersigned finds that there are extenuating circumstances in this case which, although not excusing a violation of the Speedy Trial Act, nevertheless demonstrate that the delay in indicting Mr. Bottoms did not result from a total neglect of his case. At the outset, the Court found that a psychological evaluation of Mr. Bottoms was necessary in light of the facts in the record, which demonstrate that Mr. Bottoms in an earlier case

6

was found to be incompetent to stand trial and that he has a history of prior hospitalizations for psychiatric disorders. In addition, this case has further been complicated and hampered by the necessity to replace Mr. Bottoms's defense counsel twice because these two lawyers apparently had irreconcilable disagreements with Mr. Bottoms that made their continued representation of him inappropriate. The Government argues that certain negotiations with defendant have been delayed because of the necessity of replacing his defense counsel twice during the pendency of these charges. From the foregoing history, the undersigned finds that the foregoing facts and circumstances in this case, which require dismissal, do not support a dismissal with prejudice.

Finally, the undersigned finds that a reprosecution of Mr. Bottoms on these charges would not adversely impact the administration of the Speedy Trial Act or the administration of justice. As grounds for this finding, the undersigned notes that Mr. Bottoms has been on release with conditions since September 24, 2012, and that he has been confined in custody on the charges only so long as was necessary in order to obtain an evaluation by a local psychiatrist and conduct a competency hearing. Although during the remaining period Mr. Bottoms has been subject to conditions imposed upon his release, such conditions were found by the Court to be those that were the least restrictive necessary to reasonably protect the safety of the community while Mr. Bottoms

was on release.

For the reasons stated above in this memorandum, the undersigned Magistrate Judge finds that defendant Bottoms's motion for dismissal for violation of the Speedy Trial Act should be GRANTED but that the complaint should be DISMISSED without prejudice. The Court further finds that the hearing scheduled in this case for March 18, 2013, should be CANCELED as moot.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge